(152 App. Div. 428.)

### MOLINSKI v. BURNETT.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. JUSTICES OF THE PEACE (§ 107*)—TRIAL—ADJOURNMENT.

A defendant in justice's court is, under Code Civ. Proc. § 2961, entitled absolutely to an adjournment for a reasonable time, when applied for at the time of the joinder of issues; and, unless plaintiff so requires, he need not make the affidavit nor give the undertaking provided for by the statute.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 351–361; Dec. Dig. § 107.*]

2. APPEAL AND ERROR (§ 1074*)—HARMLESS ERROR—ACTING ON STATEMENT IN AFFIDAVIT.

The error of the County Court in acting, in violation of Code Civ. Proc. § 3063, on a statement in an affidavit in reaching a conclusion on an appeal from a judgment of a justice of the peace, rendered after an erroneous refusal of the justice to grant an adjournment on the application of defendant, was harmless, where the averment in the affidavit merely showed that the application for the adjournment was accompanied with a statement to the justice that it was desired for the purpose of procuring material testimony, and where it was not necessary to make such a statement to entitle defendant to the adjournment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4248–4252; Dec. Dig. § 1074.*]

Burr and Woodward, JJ., dissent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Suffolk County Court.

Action by John Molinski against L. Harry Burnett. From a judgment of the County Court, reversing a judgment of a justice of the peace for plaintiff, he appeals. Affirmed.

On December 16, 1910, a justice of the peace of the town of Southampton issued a summons in the above-entitled action, returnable on December 27th following. On December 23d the parties appeared before the justice and "asked for a hearing, as they were ready for trial, not to wait for the return day." After the plaintiff had stated his complaint and the defendant his answer, the latter asked for an adjournment to a day more than eight days distant. The plaintiff not consenting, the justice refused to grant an adjournment; his minute entry being: "At this stage defendant asked for an adjournment, naming a date more than eight days. Plaintiff refused to consent. Nothing was said by either party about bonds. Under sections of the Code, 2959–2961, the adjournment was not granted." The trial thereupon proceeded, resulting in a judgment for the plaintiff, which, upon appeal, was reversed by the County Court; and it is from the judgment of reversal accordingly entered that this appeal is taken.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Harri M. Howell, of Southampton, for appellant.
Jetur W. Hand, of Riverhead, for respondent.

RICH, J. [1] It is apparent, I think, that the justice denied the application for an adjournment because it was asked for a longer period than eight days. At the time of the joinder of issue the defendant applied for an adjournment, which he was absolutely entitled to under the provisions of section 2961. An adjournment under the latter section is not limited to eight days, nor is the defendant required, as a condition precedent to such adjournment, to make the affidavit provided for in subdivision 1, nor give the undertaking required by subdivision 2 of the section, *unless the plaintiff so requires.* The return does not show that the plaintiff required either an affidavit or undertaking, and the justice erred in not granting an adjournment for such period of time as he deemed reasonable.

[2] The order for reversal, in the County Court, states that it was granted upon the return and "upon the affidavit of L. Harry Burnett, read upon such hearing." (The affidavit referred to purports to have been sworn to on December 10, 1910, seven days before the summons was issued, yet it details the occurrences at the trial on December 23d.) It is contended by the appellant that, it thus appearing from the order that this affidavit was considered and acted upon in reaching a conclusion by the County Court, its judgment must be reversed. It is true that the court had no right to act upon any statement contained in the affidavit, in reaching a conclusion upon the appeal (section 3063, Code Civil Procedure), and, unless we are justified in the conclusion that its consideration in no manner affected the appellant or prejudiced his case, the judgment must be reversed. The only material fact disclosed by the affidavit, and not appearing in the return, is that the application for an adjournment was accompanied with a statement to the justice that it was desired for the purpose of procuring the testimony of

a material witness and some additional documentary proof. It was not necessary to make such a statement to entitle the defendant to the adjournment, unless the plaintiff required an affidavit disclosing that fact.

The plaintiff's case on appeal, therefore, could not have been injuriously affected by the act of the learned county judge taking the affidavit into consideration, and the judgment must be affirmed, with costs.

JENKS, P. J., and THOMAS, J., concur. BURR and WOODWARD, JJ., dissent.